People v Woods (2025 NY Slip Op 05541)

People v Woods

2025 NY Slip Op 05541

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LOURDES M. VENTURA
PHILLIP HOM, JJ.

2023-11937
 (Ind. No. 70850/21)

[*1]The People of the State of New York, respondent,
v
Jayden Woods, appellant.

Richard M. Langone, Garden City, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Monica M. C. Leiter of counsel; Erin E. Stevenson on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Nassau County (Meryl J. Berkowitz, J.), rendered July 11, 2023, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree (two counts), upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545; People v Lopez, 6 NY3d 248). The County Court's colloquy followed, almost verbatim, the model colloquy for the waiver of the right to appeal drafted by the Unified Court System's Criminal Jury Instructions and Model Colloquy Committee, the use of which has been endorsed by this Court (see e.g. People v Batista, 167 AD3d 69, 76-78) and by the Court of Appeals (see People v Thomas, 34 NY3d at 566-567). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d at 255-256; People v Myke, 232 AD3d 913; People v Esson, 225 AD3d 786, 787).
IANNACCI, J.P., CHRISTOPHER, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court